THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Troy Poynton, ) | |
| Michael Achlioptas, ) | |
| Marco Albino, ) | |
| Patrick Ariola, ) | |
| Ramon Arroyo, ) | |
| Albert Attardo, ) | |
| Elac Aviles, ) | |
| Daniel Aybar, ) | |
| Stephen Ayotte, ) | |
| Terrence Ballou, ) | |
| Coral Barnes, ) | |
| Brian Barnosky, ) | |
| Michael Barry, ) | |
| Sean Barry, ) | |
| Andrew Battaglia Jr., ) | |
| Michael Baugin, ) | |
| Chris Beatty, ) | |
| Philip Belval, ) | |
| Chester Bennett, ) | |
| John Bigham, ) | |
| Randolph Blizzars, ) | |
| Joseph Bochicchia, ) | |
| William Bochicchio Jr., ) | Civil Action No.: _____ |
| Joseph Bogdanski, ) | Jury Trial Demanded |
| Tom Boiano, ) | |
| David Boilard, ) | |
| Jeffrey Boulanger, ) | |
| Scott Breive, ) | |
| Michael Briglia, ) | |
| James Burns, ) | |
| William Cadella, ) | |
| John Calabrese, ) | |
| Alex Calderon, ) | |
| Mike Carpentieri, ) | |
| Thomas Cassin, ) | |
| Paul Cavanaugh, ) | |
| David Chestnutis, ) | |
| Charles Cicchetti, ) | |
| Todd Colitti Sr., ) | |
| Daniel Cooney, ) | |
| Raymond Corbo, ) | |
| John Couch, ) | |
| Patrick Crimmins, ) | |
| Steven Croce, ) | |
| Peter Crochet, ) | |
| John Cronthamel, ) | |
| Alexander Cruz, ) | |

| | |
|---|---|
| Miguel Cruz Jr., | ) |
| Anthony Cuomo, | ) |
| Brian Danby, | ) |
| Bryan DeAngelo, | ) |
| Patrick DeMarest, | ) |
| Jean-Paul Dias, | ) |
| Marc Divergilio, | ) |
| Timothy DiZazzo, | ) |
| William Docchio, | ) |
| Brian Ducey, | ) |
| Vincent Dwyer, | ) |
| Thomas Eccleston, | ) |
| Alfred Ellis, | ) |
| Paul Elmendorf, | ) |
| William Elmendorf, | ) |
| Jason Emery, | ) |
| Gene Fappiano, | ) |
| Michael Farrell, | ) |
| Brian Finkezeller, | ) |
| Daniel Fiore, | ) |
| Mark Fischetti, | ) |
| Michael Fitzgerald, | ) |
| Thomas Fitzgerald, | ) |
| Keith Fortier, | ) |
| Michael Franco, | ) |
| Daniel French, | ) |
| Michael Fritz, | ) |
| Todd Galick, | ) |
| William Gannon, | ) |
| Anthony Gedraitis, | ) |
| Kyle Gensler, | ) |
| Edgardo Gonzalez, | ) |
| Mark Gostyla, | ) |
| John Grandpre, | ) |
| Milan Grant III, | ) |
| Chris Grazioli, | ) |
| Carlton Green, | ) |
| Edward Grenier, | ) |
| Wilbert Guadalupe, | ) |
| John Guerrera, | ) |
| Greg  Gyenizs, | ) |
| Richard Hart, | ) |
| Ivan Hernandez, | ) |
| Michael Hilinski, | ) |
| Leroy Howard, | ) |
| Daniel Huften, | ) |
| Albert Izzi, | ) |
| John Izzi, | ) |
| Donald Jarvis, | ) |
| Greg Keane, | ) |
| William Kennedy, | ) |

| | |
|---|---|
| Thomas Kenny, | ) |
| Samuel Kinkade, | ) |
| Mark Kowtko, | ) |
| David Krasnowski, | ) |
| David Lallier Jr., | ) |
| David Lanese, | ) |
| Jeff Laperriere, | ) |
| Gary LeBlanc, | ) |
| Anthony Leca, | ) |
| Michael Leveille, | ) |
| Raymond Lodge, | ) |
| Hector Lopez, | ) |
| Peter Lowe Jr., | ) |
| Joe Lowgo, | ) |
| David Lucas, | ) |
| Edward Mahony, | ) |
| William Mahony, | ) |
| Ronald Maia Jr., | ) |
| Patrick Maloney Jr., | ) |
| Gary Mancuso, | ) |
| Michael Marcelynas, | ) |
| Sean Maynard, | ) |
| Kevin McCarthy, | ) |
| Shawn McDonald, | ) |
| Shawn McKay, | ) |
| James McMasters, | ) |
| Thomas Meier, | ) |
| Domingos Moore, | ) |
| Mark Moran, | ) |
| David Morgan, | ) |
| James Morin, | ) |
| John Muffo, | ) |
| Jamie Musumano, | ) |
| Justin Myers, | ) |
| Joseph Nadeau, | ) |
| Raymond Nadolny, | ) |
| Joseph Nelson, | ) |
| Steven Noreika, | ) |
| Douglas Northway, | ) |
| Mark Northway, | ) |
| Todd Nugai, | ) |
| David Ober, | ) |
| Michael O'Connell, | ) |
| Robert Olah, | ) |
| Jon-Paul Oldham, | ) |
| John Ollero Jr., | ) |
| Daniel O'Neill, | ) |
| Howard Osorio, | ) |
| Kenneth O'Toole, | ) |
| Corey Outlaw, | ) |
| Richard Paltauf, | ) |

| | |
|---|---|
| James Panelli, | ) |
| Edward Partridge, | ) |
| James Peplau, | ) |
| Richard Perry, | ) |
| John Perugini Jr., | ) |
| Anthony Petrillo, | ) |
| William Phelan, | ) |
| Melvin Pierce, | ) |
| Joseph Pilloise, | ) |
| Robert Pilloise, | ) |
| Antonio Pina, | ) |
| Kenneth Pitts, | ) |
| Joseph Pizzuto, | ) |
| William Porter, | ) |
| Christopher Ranaudo, | ) |
| Michael Raymond, | ) |
| Bret Reis, | ) |
| William Roberts, | ) |
| Richard Robillard, | ) |
| Patrick Roche, | ) |
| Ellis Rogers, | ) |
| Alex Romanzi, | ) |
| Ralph Rosa, | ) |
| Brad Rudman, | ) |
| Brad Sabol, | ) |
| Dale Salmon, | ) |
| James Santa Lucia, | ) |
| Alfredo Santiago, | ) |
| Daniel Santiago, | ) |
| Kurt Schramek, | ) |
| Jonathan Schultz, | ) |
| John Seman III, | ) |
| Drew Serrano, | ) |
| David Shatas, | ) |
| Michael Shea, | ) |
| Jeffrey Sheehan, | ) |
| Bill Shpunt, | ) |
| David Sikes, | ) |
| Charles Silva, | ) |
| Matthew Sivilla, | ) |
| John Skrainski, | ) |
| Samuel Slotoroff, | ) |
| Samuel Smith, | ) |
| David Stankus, | ) |
| Gene Steneck, | ) |
| Robert Stocckori, | ) |
| Kevin Stokes, | ) |
| William Stokes, | ) |
| Robert Stokes, | ) |
| Kenneth Tamborra, | ) |
| Jon Thompson, | ) |

| | |
|---|---|
| Derek Tompkins, | ) |
| Jorge Torres, | ) |
| Stephen Torselli, | ) |
| Jeffrey Triepke, | ) |
| Kevin Ulrichsen, | ) |
| William Unwin Jr., | ) |
| Joseph Valaitis, | ) |
| Thomas Varanelli, | ) |
| Mario Vargas, | ) |
| James Vecca, | ) |
| Reinaldo Velez, | ) |
| Steven Veneziano, | ) |
| Timothy Walker, | ) |
| Robert Wall, | ) |
| Francis Walsh Sr., | ) |
| Robert Wickson, | ) |
| Michael Wihbey, | ) |
| Howard Williams, | ) |
| Christopher Wilson, and | ) |
| Len Wilson | ) |
|   | ) |
|     Plaintiffs, | ) |
|   | ) |
| v. | ) |
|   | ) |
| City of Waterbury, Connecticut | ) |
|   | ) |
|     Defendant. | ) |

## COMPLAINT

1.    The plaintiffs are current and former employees of the defendant City of Waterbury, Connecticut and they bring this action on behalf of themselves and other employees similarly situated.  This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq.

### Jurisdiction and Venue

2.    Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Venue lies within this district pursuant to 28 U.S.C. § 1391.

5

**Parties**

3.     At all times material herein each of the plaintiffs has been employed by the defendant City of Waterbury, Connecticut as fire fighters, dispatchers, and/or Bureau of Fire Protection (BFP) employees.  Each of the plaintiffs has given his or her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) which is appended hereto as Exhibit A.

4.     Defendant City of Waterbury is a "public agency" within 29 U.S.C. § 203(x), and an "employer" within 29 U.S.C. § 203 (d).

**COUNT I**

5.     At all times material herein, the plaintiffs have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. (hereafter referred to as "FLSA").

6.     At all times material herein, the plaintiffs have earned special assignment payments and education incentive payments which are required to be included in the regular rate under the FLSA, 29 U.S.C. § 207(e), and thus factored into overtime calculations.

7.     At all times material herein, defendant has failed and refused to include special assignment payments and education incentive payments in the calculation of the regular rate, thereby violating 29 U.S.C. § 207 of the FLSA.

8.     Defendant's refusal to include special assignment payments and education incentive payments in the calculation of the regular rate wrongly deprives the plaintiffs of the premium overtime compensation due to them at all times material herein.

9. Defendant's actions and omissions as alleged herein were done in a knowing, willful, bad faith, and reckless manner.

10. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant, and the plaintiffs are unable to state at this time the exact amounts owing to them. The defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

## COUNT II

11. Plaintiffs incorporate herein the allegations set forth above in paragraphs 1-10 of this complaint.

12. At all times material herein, plaintiffs Albert Attardo, Chris Beatty, James Burns, Stephen Croce, Alfred Ellis, Todd Galick, Raymond Lodge, David Ober, Kenneth Pitts, Joseph Pizzuto, Richard Robillard, and Charles Silva have been employed by the defendant City of Waterbury, Connecticut as dispatchers (hereinafter "plaintiff dispatchers").

13. At all time material herein, the plaintiff dispatchers, have not engaged in fire suppression or other fire protection activities; rather they perform dispatcher work.

14. At all times material herein, the plaintiff dispatchers have been scheduled to work, and in fact have worked, in excess of 40 hours per week.

15. At all times material herein, the plaintiff dispatchers have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207(a). As a result, at all

7

times material herein, plaintiffs were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked in excess of 40 hours per week. 29 U.S.C. §207(a).

16. At all times material herein, the defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207(a), thereby violating 29 U.S.C. §207(a).

17. The FLSA requires employees to be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek. The defendant has violated, and is continuing to violate, 29 U.S.C. §207 (a)(1) by failing and refusing to compensate plaintiff dispatchers for their hours of work in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which the plaintiff dispatchers are employed.

18. Defendant's refusal to provide overtime pay at the proper rate to plaintiff dispatchers for the hours they have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207(a), wrongly deprives the plaintiff dispatchers of the premium overtime compensation that is due to them at times material herein.

19. The defendant's actions and omissions as alleged herein were done in a willful, unreasonable and bad faith manner.

20. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from the plaintiff dispatchers for which defendant is liable pursuant to 29 U.S.C. §216(b), together with an additional

equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

21. The employment and work records for the plaintiff dispatchers are in the exclusive possession, custody and control of the defendant, and they are unable to state at this time the exact amounts owing to them. The defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to the plaintiff dispatchers and other employees similarly situated from which the amount of defendant's liability can be ascertained.

## COUNT III

22. Plaintiffs incorporate herein the allegations set forth above in paragraphs 1-21 of this complaint.

23. At all times material herein, plaintiffs Michael Achliophtas, Patrick Ariola, Daniel Aybar, Terrence Ballou, Chester Bennett, David Chestnutis, Thomas Fitzgerald, Antonio Pina, and Melvin Peirce, have been employed by the defendant City of Waterbury, Connecticut as employees assigned to the Bureau of Fire Protection ("BFP"). These BFP employees do not engage in fire suppression activities.

24. At all time material herein, the plaintiff BFP employees, have not engaged in fire suppression or other fire protection activities.

25. At all times material herein, the plaintiff BFP employees have been scheduled to work, and in fact have worked, in excess of 40 hours per week.

26. At all times material herein, the plaintiff BFP employees have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207(a). As a

result, at all times material herein, the plaintiff BFP employees were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked in excess of 40 hours per week.  29 U.S.C. §207(a).

27.     At all times material herein, the defendant has failed and refused to provide plaintiff BFP employees with overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207(a), thereby violating 29 U.S.C. §207(a).

28.     The FLSA requires employees to be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek. The defendant has violated, and is continuing to violate, 29 U.S.C. §207 (a)(1) by failing and refusing to compensate the plaintiff BFP employees for their hours of work in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which they are employed.

29.     Defendant's refusal to provide overtime pay at the proper rate to plaintiff BFP employees for the hours they have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207(a), wrongly deprives them of the premium overtime compensation that is due to them at times material herein.

30.     The defendant's actions and omissions as alleged herein were done in a willful, unreasonable and bad faith manner.

31.     As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiff BFP employees

for which defendant is liable pursuant to 29 U.S.C. §216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

32. The employment and work records for the plaintiff BFP employees are in the exclusive possession, custody and control of the defendant, and the plaintiff BFP employees are unable to state at this time the exact amounts owing to them. The defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to the plaintiff BFP employees and other employees similarly situated from which the amount of defendant's liability can be ascertained.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter a declaratory judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived the plaintiffs of their rights, protections and entitlements under law, as alleged herein;

(b) Enter a permanent injunction restraining and preventing the defendant from withholding the compensation that is due;

(c) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(d) Award plaintiffs monetary damages in the form of full back pay compensation, liquidated damages equal to their unpaid compensation, plus interest;

(e) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

12

## JURY TRIAL DEMAND

Plaintiffs respectfully request a trial by jury on all claims presented in this Complaint.

January 19, 2012                                  Respectfully Submitted

/s/ Diana J. Nobile
Molly A. Elkin
Diana J. Nobile
Woodley & McGillivary
1101 Vermont Ave, N.W.
Suite 1000
Washington, D.C. 20005
(202) 833-8855
mae@wmlaborlaw.com
djn@wmlaborlaw.com

*Counsel for Plaintiffs*


/s/ James Ferguson
James Ferguson
Bar No: ct03341
Ferguson, Doyle & Chester, PC
35 Marshall Road
Rocky Hill, CT 06067
(860) 529-4762
fdlawoffice@aol.com

*Local Counsel*