THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Troy Poynton, et al.         )<br>                              )<br>                              )<br>        Plaintiffs,          )<br>                              )<br> v.                           )<br>                              )<br> City of Waterbury, Connecticut )<br>                              )<br>        Defendant.            )<br>                              ) | Civil Action No.: 3:12-cv-00096-SRU<br>Jury Trial Demanded |

**JOINT NOTICE OF REVISED SETTLEMENT AGREEMENT**

The parties respectfully submit this Joint Notice of Revised Settlement Agreement. For the reasons set forth below, the parties request that their Settlement Agreement (Revised) be considered by the Court, rather than the Settlement Agreement that was previously filed by the parties (Docket Entry "DE" 47-1), in the Court's upcoming determination regarding final approval of the settlement.

On April 5, 2013, the parties jointly filed a Joint Motion to Approve Settlement Agreement and to Set Fairness Hearing (DE 47). On April 22, 2013, the Court tentatively approved the parties' Settlement Agreement reserving final approval following the May 15, 2013 Fairness Hearing.

By letter dated April 23, 2013, plaintiffs' counsel notified the 221 plaintiffs of the Settlement Agreement and the amounts to be distributed to the plaintiffs under the Settlement Agreement. Plaintiffs' counsel also explained how the amounts were calculated and provided each plaintiff with a copy of Exhibit A to the Settlement Agreement (DE 47-3) listing each plaintiff's backpay amount (exclusive of liquidated damages).

Upon receipt and review of the letter, plaintiff Melvin Pierce notified plaintiffs' counsel that his backpay damages listed in Exhibit A were in error given the amount of overtime he has worked during the recovery period.  Plaintiffs' counsel researched Pierce's complaint and discovered that Pierce's hours and pay data, provided to plaintiffs' counsel by defendant during discovery and relied upon by plaintiffs to compute damages, ended in August 2009 even though Pierce has worked in defendant's Bureau of Fire Prevention ("BFP") without a break in service since August 2009.  Because defendant did not provide data for Pierce for the time period after August 2009, no backpay computations were done for him after August 2009 and the damages listed in Exhibit A filed with the initial Settlement Agreement are inaccurate and substantially lower than the amount he is due.

Plaintiffs' counsel notified defendant's counsel of this error and defendant's counsel immediately produced Pierce's missing data on April 29, 2013.  Plaintiffs' counsel calculated damages for Plaintiff Pierce based on the data provided by defendant on April 29, 2013. The revised calculation resulted in an over $20,000 adjustment to Pierce's original $590.74 in backpay and liquidated damages set forth in the initial Settlement Agreement.

When plaintiffs notified the defendant of its error with respect to Pierce, the defendant decided to audit all of the BFP plaintiffs' backpay amounts it had previously agreed to pay as part of the parties' protracted settlement discussions. Defendant determined that the BFP plaintiffs were being overpaid under the Settlement Agreement because they had already been paid at the time and one-half overtime rate for hours worked on "Fire Watch."  Defendant notified plaintiffs' counsel of this issue and explained that defendant would no longer agree to the amounts listed in Exhibit A to the Settlement Agreement.  Given that the Court's approval of the settlement was

only "tentative" and would not become final until after the May 15, 2013 Fairness Hearing, the parties agreed to recalculate the damages for the BFP plaintiffs.

However, since it was the defendant's error in providing incomplete data for plaintiff Pierce in the first instance, as well as the City's failure to inform plaintiffs' counsel of the "Fire Watch" calculation error prior to plaintiffs' counsel notifying all plaintiffs of the settlement amounts they would be receiving under the Settlement Agreement, the parties agreed to negotiate a new settlement formula for the BFP plaintiffs in and effort to offset the reduction caused by the removal of the "Fire Watch" overtime hours from the BFP plaintiff calculations. This new formula for BFP plaintiffs includes: (1) a three year recovery period as opposed to a two year recovery period; (2) Pierce's corrected overtime pay; and (3) liquidated damages equal to 85.8% of the BFP plaitntiffs' backpay as opposed to the previously agreed to 31.5% liquidated damages amount.  These changes are reflected in paragraph 2.6 of the Settlement Agreement (Revised) and in Exhibit A-(Revised) which are filed with this Notice.

In addition, in the Settlement Agreement (Revised), Plaintiffs' counsel will be paid an additional $10,000 in attorneys' fees and expenses to compensate plaintiffs' counsel for the additional and unanticipated time they were required to spend correcting the calculations, filing the necessary papers in Court reflecting the corrections, drafting and mailing letters and Exhibit A-(Revised) to all 221 plaintiffs informing them of these changes, engaging in multiple telephone conference calls with the members of the Settlement Team, and re-negotiating a settlement for the BFP employees.  The $80,000 in attorneys' fees and expenses (as opposed to the $70,000 previously agreed to by the parties) remains significantly less than the actual fees and expenses incurred to date.

To date, no plaintiff has lodged any objection to the settlement amounts being paid under the Settlement Agreement (Revised).

Based on the foregoing, and for the reasons set forth in the parties' Joint Motion to Approve Settlement Agreement and to Set Fairness Hearing (DE 47), plaintiffs and defendant jointly request that the Court approve the Settlement Agreement (Revised) at the parties' May 15, 2013 Fairness Hearing.

May 9, 2013                                    Respectfully submitted,


                                               Counsel for Plaintiffs


                                               /s/ Molly A. Elkin
                                               Molly A. Elkin
                                               Bar No. phv05246
                                               Diana J. Nobile
                                               Bar No. phv05245
                                               Woodley & McGillivary
                                               1101 Vermont Avenue, NW
                                               Suite 1000
                                               Washington, DC 20005
                                               (202) 833-8855
                                               mae@wmlaborlaw.com
                                               djn@wmlaborlaw.com

                                               /s/ James Ferguson
                                               James Ferguson
                                               Bar No:. ct03341
                                               Eric Chester
                                               Bar No. ct27172
                                               Ferguson, Doyle & Chester, PC
                                               35 Marshall Road
                                               Rocky Hill, CT 06067
                                               (860)529-4762

fdlawoffice@aol.com

Counsel for Defendant

/s/ Tara L. Shaw
Tara L. Shaw
Federal Bar Number: CT26651
Donald C. McPartland
Federal Bar Number: ct20424
Thomas G. Parisot
Federal Bar Number: ct06319
Secor, Cassidy & McPartland, P.C.
41 Church Street
Waterbury, CT 06702
dcm@ctlawyers.com
tls@ctlawyers.com
tgp@ctlawyers.com